**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:26-CR-03 (WLS-ALS) |
| DAVANTI YEARBY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant's Motion for Continuance (Doc. 21), filed on April 7, 2026. Therein, Defendant requests a continuance of the pretrial conference in this matter currently scheduled for May 7, 2026, as well as a continuance of the trial in this matter from the specially set June 2026 trial term to Court's next regular trial term. (*Id.*) Defendant states that he was arraigned on March 27, 2026, and that he has not yet received discovery from the Government. (*Id.* ¶¶ 1–2). Defendant further states that additional time is needed for his counsel to receive and review discovery and prepare for trial. (*Id.* ¶ 4). Defendant notes that the Government does not oppose the requested continuance and submits that the interests of justice served by granting the requested continuance outweigh the best interests of the public and Mr. Yearby in a speedy trial. (*Id.* ¶¶ 5–7)

Based on Defendant's stated reasons, the Court finds that a continuance is necessary for Defendant's counsel to effectively prepare for trial. The Court further finds the ends of justice served by granting such a continuance outweigh the best interests of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A)–(B). Therefore, Defendant's Motion (Doc. 21) is **GRANTED**. The trial in the above-captioned matter is hereby **CONTINUED** to the Valdosta Division August 2026 term and its conclusion, or as may be otherwise ordered by the Court. Accordingly, the May 7, 2026 pretrial conference is **CANCELLED**.

Furthermore, it is **ORDERED** that the time lost under the Speedy Trial Act, 18 U.S.C. § 3161, be **EXCLUDED** pursuant to 18 U.S.C. § 3161(h)(7) because the Court has continued the trial in this case and finds that the failure to grant a continuance (a) would likely result in

1

a miscarriage of justice, and (b) would deny Defense Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(i), (iv).

**SO ORDERED**, this 13th day of April 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**